DANIEL STAPLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stapler v. Commissioner
Docket No. 956-87.
United States Tax Court
T.C. Memo 1989-176; 1989 Tax Ct. Memo LEXIS 167; 57 T.C.M. (CCH) 163; T.C.M. (RIA) 89176; April 18, 1989. *167 Held: Petitioner's unreported income redetermined. Additions to tax in reduced amounts sustained. J. E. McNeil, for the petitioner. Wilton A. Baker, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Deficiencies and additions to tax were determined by respondent for the years and in the amounts as follows: Additions to Tax
Section [1]
Section [2]
Section
Section
Years
Deficiencies
6651(a)(1)
6653(a)
6653(a)(2)
6654(a)
1980
$ 3,211.46
$ 802.86
$ 160.57
$ 204.92
1981
3,353.23
838.30
167.66
*
256.03
1982
1,864.00
466.00
93.20
*
181.42
*168 The deficiencies and the additions to tax are all in issue. For convenience our Findings of Fact and Opinion are combined. Some of the facts have been stipulated and they are so found. [3] At the time of filing of the petition in this case petitioner resided in Hyattsville, Maryland. Petitioner did not file, and to the date hereof has not filed, Federal income tax returns for any of the three calendar years here involved. For the year 1980 respondent in the statutory notice determined that petitioner had received self-employment income in the amount of $ 13,987. This determination was based upon a Form 1099 for the year 1980 received by respondent from Gardiner J. White, d.b.a. Gardiner J. White Co., (White) of Rockville, *169 Maryland. In the statutory notice the amounts of unreported income determined for 1981 and 1982 are identical in amounts to the sum determined for 1980. For these other 2 years respondent appears to have assumed that petitioner received the same amount of self-employment income. [4] Petitioner challenges both the amount of income received in each of the 3 years and the fact that it was self-employment income, petitioner contending that all services performed by him for White as well as for other persons were as an employee. White was engaged in realty maintenance work in the District of Columbia for several real estate firms. From approximately 1970 to sometime in 1982, petitioner's father worked for White as an independent contractor doing electrical and air conditioning service work. Petitioner's father employed a helper and during a part of 1980 that helper was Calvin Stapler, another son. Several of White's brothers also formed teams doing service and repair work for White. During part of 1980 and sporadically in 1981 and in 1982 petitioner was employed by White to work as a helper. He was customarily *170 assigned to perform work under the direction of one of the brothers. Petitioner did not work at any time in 1980, 1981, or 1982 as an independent contractor for White or for any other person. During the first part of 1980, petitioner worked fairly regularly for White, but rarely worked more than 3 to 5 hours per day or for more than 3 or 4 days per week. His work became more sporadic as the year progressed. During 1980, and (we assume) during the 2 latter years, petitioner abused alcohol and drugs. His physical condition was in general poor. In the fall of 1980 petitioner ceased to work for White, moved to Alexandria to live with his brother, and worked during the balance of the year at a Chappels Amoco filling station. Petitioner's rate of pay when working for White was $ 4.75 per hour and he customarily tried to earn about $ 80 per week, most of which he turned over to his parents to help defray the cost of the support provided to him while he was living in his parents' household. White paid petitioner in cash on a weekly basis. His rate of pay for the filling station was $ 3.75 per hour. In 1981 [5] petitioner continued to work at the filling station through April. His *171 gross pay, income tax, and Federal Insurance Contributions Act (FICA) withholding taxes paid to the United States were respectively $ 1,738.78, $ 257.40, and $ 115.62. From approximately May through the middle of June petitioner worked for General Electronics, Inc. His gross pay from this employer was $ 1,183.73. The amount of $ 178.30 was withheld from his pay for Federal income tax and $ 78.72 for FICA tax, which withheld taxes were paid to the United States. Petitioner then went to California. During the balance of June through the middle of October he worked for Mediterranean Car Wash and Peerless Pacific Investments, Inc. d.b.a. Mediterranean Car Wash. His gross pay from this employer was $ 2,234.85. Federal income tax in the amount of $ 299.82, and FICA tax in the amount of $ 148.55 was withheld from his pay and paid to the United States. On returning to Maryland, petitioner lived with his parents, and worked for various employers for short periods of time. During 1982 he continued to live with his parents until September, working approximately 1 day out of 3 working days for White. In September 1982, petitioner again moved to Tysons Corner, Virginia, with his brother. *172 During the balance of the year, he worked for Automobile Dealer Services, earning total gross pay of $ 591.50 from which $ 7.80 in Federal income tax and $ 21.03 in FICA tax were withheld and paid to the United States. *173 By Order dated December 27, 1988, respondent was directed to ascertain from its records whether withholding taxes were paid to the United States by Mediterranean Car Wash, Automobile Dealer Services, and General Electronics, Inc., employers for whom petitioner worked during one or more of the years in issue. Pursuant to that Order, on February 15, 1989, respondent filed his response which has attached to it what is described as an affidavit of Jerry Rabe, Director of the Tax Systems Division of the Internal Revenue Service, but in fact is the affidavit of Edmund A. St. Jean as Acting Director of the Tax Systems Division of the Internal Revenue Service (the St. Jean affidavit). On February 27, 1989, petitioner's counsel filed a response [6] in which petitioner moves that the affidavit and attached documents be received in evidence as showing the amount of withholding taxes paid by the named employers with respect to petitioner in the years 1981 and 1982. Respondent takes no position with respect to whether the documents should be accepted into evidence, although the Court notes that respondent's counsel has objected informally to this additional evidence on past occasions. *174 Based upon the St. Jean affidavit we find that employers are required to prepare a Form W-2 for each employee, which form should be attached to each employee's income tax return for the appropriate year. Copies of all W-2s are provided by employers to the Social Security Administration. The Forms W-2 provide the amount of wages paid to each employee and the amounts withheld from those wages for Federal income tax and FICA tax. The Social Security Administration transcribes the information from each Form W-2 into computer-readable tapes which tapes are then provided to the Internal Revenue Service. These computer tapes are used by the Internal Revenue Service to verify that the employees have filed individual income tax returns and that information on such returns reconciles with the information received directly from employers. We assume that in the verification process or prior thereto respondent ascertains that the employers have paid to respondent the payroll taxes so withheld. When the verification procedures are completed, the tapes are reused which means that prior information is erased. We further find that the Internal Revenue Service completed its verification procedures *175 for 1981, that the computer tapes have been erased, and thus that the W-2 information is no longer available from the Internal Revenue Service files. The Internal Revenue Service has also completed its verification procedures for 1982 and the computer tapes have been erased. However, the Internal Revenue Service still has in its files information that Automobile Dealer Services paid Daniel Stapler wages in the amount of $ 314 and withheld $ 7 for Federal income tax and $ 20 for FICA tax for the year 1982. Attached to the affidavit are copies of W-2 forms obtained from the Social Security Administration which were filed for the year 1981 by General Electronics, Inc., Mediterranean Car Wash, Peerless Pacific Investments, Inc. d.b.a. Mediterranean Car Wash, and Chappels Amoco, and for the year 1982 by Automobile Dealer Services, all with respect to petitioner. Since verification of both years has been completed, we find that these employers actually paid to respondent the amounts of withheld taxes reflected on the five Forms W-2 attached to the affidavit. We further base our conclusion on the affidavit by respondent's employee, Edmund A. St. Jean. In the aggregate for the year 1981 *176 the sum of $ 735.52 in withheld income tax and $ 520.40 in FICA tax was paid to the United States with respect to wages received by petitioner. For the year 1982 the amounts are respectively $ 7.80 and $ 157.44. At some point in 1980 in the presence of petitioner's brother Calvin Stapler, petitioner asked White about petitioner's tax obligation. White responded to the effect that petitioner should not worry about it, that White would take care of it. In fact, White incorrectly filed a Form 1099 for the year 1980 showing substantially larger amounts of gross earnings than was in fact paid. Whether any withholding tax was deducted from petitioner's earnings by White, we do not know. Notwithstanding the Form 1099 which was filed with respondent purporting to show that petitioner earned during 1980 $ 13,987, White testified that petitioner worked 4 to 5 days per week for most of the year and averaged $ 200 per week. If petitioner had earned $ 200 per week for a full year, his gross earnings would have been only $ 10,400. Thus, White's own testimony undercuts the Form 1099. We found White to be a very unreliable witness, whose records were conveniently destroyed by lightning. *177 We conclude that in failing to withhold and file appropriate W-2s with respect to petitioner's earnings as an employee, White was simply taking advantage of petitioner as well as the United States. The Form 1099 filed by him as to petitioner was patently false. By contrast although the four witnesses tendered by petitioner including himself had inaccurate and incomplete recollection, we believe that all four of them did their best to testify correctly, according to their best recollections. Using our best judgment and based on this entire record, but resolving doubts against petitioner on account of his failure to keep adequate records, ( , we find that during 1980 petitioner earned as an employee no more than $ 4,000 with no Federal tax withheld and paid to the United States. During 1981 we find that petitioner earned no more than $ 6,000. On most of these earnings there was withholding tax deducted by the employers, that is, $ 478.12 of Federal income tax and $ 222.27 of FICA tax was withheld and paid to the United States. During 1982 we find that petitioner earned no more than $ 2,000 with $ 7.80 of Federal *178 income tax and $ 21.05 of FICA tax withheld and paid to the United States. During these 3 years petitioner had no self-employment income. Exhibit 5 as to which respondent reserved an objection on the grounds of authenticity, relevancy, hearsay, and incompleteness, purports to be a supervision summary pertaining to petitioner's period of probation following conviction for the offense of indecent exposure. Petitioner's counsel explained that a certified record was not obtainable and no person with knowledge of the matter was available as a witness. Respondent does not dispute the facts of the offense which was confirmed by petitioner's sworn testimony. Exhibit 5 tends to confirm petitioner's testimony as to drug and alcohol abuse as well as our conclusion from this record as to petitioner's general instability during the period before the Court. However, we independently reached that conclusion from the record and our observation of petitioner during the trial. We believe the exhibit to be essentially reliable and respondent's objection to be unduly technical. However, we have accorded no weight to Exhibit 5 in making our findings of fact. With respect to the additions to *179 tax, petitioner has failed to show reasonable cause for failure to file returns. His reliance on White was unwarranted. Moreover, he should have kept accurate records of his earnings. Thus the petitioner, who has the burden of proof, has failed to show that he is not liable for the additions to tax under sections 6651(a)(1) and section 6653(a). The addition to tax under section 6654 is mandatory. . However, since petitioner received no self-employment income, he is not subject to self-employment tax. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Section 6653(a)(1) and (2) is applicable to the years 1981 and 1982.↩
*. 50 percent of the interest due on the underpayments. ↩
3. Exhibit 5 is subject to an authenticity objection by respondent which will be treated in the text infra.↩
4. Petitioner has not argued that the statutory notice was arbitrary.↩
5. At the Court's request, petitioner's attorney secured a statement from General Electronics, Inc., to the effect that its records showed payment to petitioner of this amount of gross wages, and that the withholding taxes in these amounts were paid to the United States. The record includes as a stipulated exhibit copies of payroll information furnished to petitioner by this employer showing wages and withheld taxes in the following amounts: wages -- $ 970.65, income tax -- $ 144.80, and FICA tax -- $ 65.18. The stipulated exhibit thus appears to be incomplete. Respondent's counsel objected to the receipt of this statement. Therefore, we ordered respondent to verify the wage and withholding statements from Automobile Dealer Service and Metropolitan Car Wash which are also stipulated exhibits, including whether or not income taxes and FICA taxes pertaining to petitioner in the amounts shown in the record or in other amounts were actually paid to the United States. On February 15, 1989, respondent filed a response which has been made a part of the record. The response includes an affidavit by Edmund St. Jean, Acting Director of respondent's Tax Systems Division, and petitioner's counsel has indicated no objection thereto. Accordingly, our findings as to withholding tax paid by the five employers, copies of whose Forms W-2 were obtained from the Social Security Administration, are based on this affidavit plus, in the case of Automobile Dealer Services, a stipulated copy of a Form 1099 for 1982.↩
6. Petitioner's response erroneously refers to "petitioner's filing" but it is quite apparent from the context that petitioner is responding to respondent's filing of February 13, 1989.↩